No. 13,858

GERDE NEWMAN & CO. v. CURCURU

(January 11, 1932. Opinion and Decree.)

Ridgely Moise, of New Orleans, attorney for plaintiff, appellee.

John A. Smith, Jr., of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by a wholesale grocery and produce company against a retail grocer to recover the purchase price of eggs sold by plaintiff to defendant, for future delivery, on April 25, 1930.

The defenses are, first, that the contract

was a gambling transaction and, therefore, not enforcible at law, and, second, in the alternative, that the contract was dependent upon a condition subsequent, i. e., that the market would go above 35 cents per dozen for eggs in storage and that, as the condition was never fulfilled, the contract was unenforcible.

There was judgment in favor of the plaintiff, as prayed for, and defendant has appealed.

The record shows that the salesman of the plaintiff called upon defendant for the purpose of soliciting orders for cold storage eggs for delivery in the future; that the defendant gave an order for 25 cases of eggs at 35 cents per dozen, amounting to $262.50; that the defendant was to have free cold storage to December 31, 1930, and the privilege of accepting delivery at such times as he might wish; that the defendant deposited the sum of $25, or a dollar a case, on account of the contract price; that the defendant, although repeatedly called upon to accept delivery of the goods, refused to do so, and that the plaintiff sold the eggs for the defendant's account at a loss of $105; for which amount this suit is brought.

Taking up the defense in the above order, the record shows clearly that the contract was for 25 cases of eggs at 35 cents per dozen. There is no element of a gambling transaction in the contract because the price is for a definite and stated amount. In short it is a contract for future delivery and, if there is any element of speculation in the transaction, it is on the part of defendant, who felt, because of advice he had received, that the market would advance. The market did not rise, but fell, and, being disappointed in this respect, he declined to accept delivery of the goods. The first defense is without merit.

On the second point the defendant contends that it was agreed between himself and the salesman that, if the market advanced above 35 cents, he was to accept delivery of the eggs, but, if the market declined, he would not be bound by the contract. The salesman denies any such agreement, pointing out that, under those circumstances, the plaintiff would be permitting defendant to speculate at its expense. It is difficult for us to believe that a wholesale business house would enter into a transaction, where it had everything to lose and nothing to gain, and would be put in the position of financing a customer's speculation. We conclude that the defense that the agreement was predicated upon a condition subsequent is not sustained by the evidence.

For the reasons assigned the judgment appealed from is affirmed.