STOULIG, Judge.
By appeals in these consolidated cases,[1] Branch M. Jordan seeks to discharge as invalid a $13,766 debt to his stockbroker, Bache & Co. Incorporated (Bache), incurred in trading in the commodities market. He contends that this is a gambling debt that is unenforceable under La.Const.1921 Art. 19, § 8.[2]
In May and June 1973 appellant instructed his broker John Roy of Bache to buy soybean futures. He ordered the May con *604 tracts sold the same day he purchased them and held the June contracts for only two days. As the market fluctuated downward, Jordan lost $16,778 and subsequently refused to honor the debt. Although it is customary to require a payment toward the purchase of any stock bought on margin, Jordan deposited no funds for these purchases with his broker.
Bache employees testified that insofar as the purchases were made, the usual procedure was followed in this case. It was explained that first the customer (Jordan) places an order with his broker, who then has it relayed by teletype to the floor of the stock exchange, where a clerk brings it to the broker’s representative or affiliate. He in turn makes the purchase and the exchange clerk advises the broker that initiated the order of the completion of the transaction.
The record reflects that many who buy and well in the commodities market never intend to take delivery of the commodity but if the holder of a futures contract does not sell his contract, he will ultimately receive delivery of the farm product represented by warehouse certificates.
Under these circumstances this is not a gambling contract within the prohibition of La.Const.1921 Art. 19, § 8. This question was settled by the court in Stewart Bros. v. Beeson, 177 La. 543, 148 So. 703 (1933). There the court pointed out that the illegal intent to gamble must be mutual and the intent of one party not communicated to or concurred in by the other will not nullify the agreement.
Appellant would have us infer that Bache’s failure to collect the advance due on the margin purchase demonstrated its intent to gamble on a rising market with Jordan. While we recognize that this oversight is contrary to federal law regulating margin buying, we will not treat it as a tacit commitment by Bache to enter into a joint venture to gamble with Jordan. There is no evidence to support this premise.
Nor do we attach any significance to Jordan’s declared lack of intent to accept delivery of soybean oil and the broker’s awareness of this fact. The Stewart court, in holding that trading in commodities was not a gambling contract but an agreement of exchange, stated:
“In support of defendant’s contention that these contracts were intended as mere wagers or to speculate in the rise or fall of prices, which under all the authorities strikes the transaction with nullity, he cites the fact that while there were in all 88 of such trades, yet all of them, except the last one, were closed out without actual delivery being made. The fact that these contracts were closed out without actual delivery may be a circumstance in support of the contention, but it is by no means conclusive. The validity of the contract depends upon the intent of the parties at the time made. Where the intent is to make actual delivery, the contract is valid. Such contracts are usually closed out prior to the delivery date. There are certain ‘lawful, customary and generally prevailing methods of closing out such contracts, settling them and discharging the parties thereunder which do not render such contracts wagering contracts or illegal, to wit, (1) by sales; (2) by direct set-offs; and (3) ringing off before the times of delivery specified in the contracts arrive, so that when those times come, no liability to deliver or to pay exists.’ Gettys v. Newburger (C.C.A.) 272 P. 209.
“These methods of settling such contracts are recognized as valid and are authorized by the rules of the exchanges. 27 C.J. §§ 275, 276, and 277, p. 1063 et seq.” 148 So. at 707.
See also Gerde Newman & Co. v. Curcuru, 18 La.App. 572, 139 So. 83 (Orl.1932), and Gruner v. Stucken, 3 So. 338 (La.1887).
We conclude the trial court properly affirmed the arbitration award requiring Jordan to pay Bache $13,766 with interest from June 9, 1973 until paid and properly dismissed Jordan’s suit against Bache.
*605 For the reasons assigned the judgments appealed from are affirmed.
AFFIRMED.

. Two proceedings were filed in Civil District Court and consolidated. One is Civil District Court No. 587-215, entitled “Branch M. Jordan v. Bache and Company Incorporated”, in which Jordan attempted to enjoin arbitration proceedings invoked by Bache and for declaratory relief. Jordan was unable to furnish the bound required by the trial court and the propriety of an injunctive stay was never tested. Bache resorted to arbitration because a failure in'its machinery put at issue what diminution of the original $16,778 debt was due to Jordan. Jordan at all times resisted payment asserting a gambling debt is unenforceable. The second case is Civil District Court proceeding No. 590-319, entitled “In the Matter of the Arbitration Between Bache & Co., Incorporated and Branch M. Jordan ”, wherein Bache moved for confirmation of the arbitration award. These cases were consolidated.

. La.Const.1921 Art. 19, § 8 provides in part: “Gambling in futures on agricultural products or articles of necessity, where the intention of the parties is not to make an honest and bona fide delivery, is declared to be against public policy; and the Legislature shall pass laws to suppress it.”