522 So.2d 656 (1988)
Jacques LAUER
v.
John CATALANOTTO.
No. 87-CA-683.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
John H. Brooks, Gretna, for plaintiff-appellant.
Anthony C. D'Antonio, Metairie, for defendant-appellee.
Before CHEHARDY, C.J., and KLIEBERT and DUFRESNE, JJ.
*657 CHEHARDY, Chief Judge.
This is an appeal by the plaintiff from an adverse judgment in his suit to enforce a gambling contract, in which the court granted the defendant's reconventional demand and ruled that plaintiff owes defendant $1,300. We affirm, although our reasons for the ruling differ from the trial court's.
Jacques Lauer sued John Catalanotto for breach of contract, alleging he and the defendant had participated in a partnership or joint venture for the purpose of gambling (colloquially known as a gambling "cow"). Specifically, he alleged they made the following oral agreement:
"[T]he defendant was to go to the city of Las Vegas in the State of Nevada where gambling is permitted by law and there he was, for a period of 4 or 5 days, to engage in various gambling activities putting a cash stake of $10,000 at risk. The plaintiff, who was to be in Las Vegas for that same time, agreed that he would be responsible for one-half of any losses and the defendant agreed in return that the plaintiff would receive one-half of any winnings."
Plaintiff alleged further that defendant won $16,000 on the gambling expedition, but despite their agreement had refused to pay plaintiff half the winnings.
In his answer, defendant asserted that plaintiff had approached him about entering into a "cow" in which they would both put up an equal amount of money, with defendant doing the gambling and the two sharing in the profits and/or losses in the "cow." Defendant alleged that upon arriving in Las Vegas, plaintiff decided not to enter the "cow" with defendant; that plaintiff did not mention it further; that defendant made a $1,300 personal loan to plaintiff and that plaintiff made no reference to the "cow." Defendant reconvened for repayment of the alleged loan and also sought damages for defamation, alleging plaintiff had "slandered the name of [defendant] all over this town calling him various and sundry names * * *."
Defendant filed a motion for summary judgment, alleging plaintiff was not entitled to recover because LSA-C.C. art. 2983 prohibits recovery of gambling winnings. The district court denied summary judgment, finding there was a material issue of fact as to whether there was any agreement between the parties. The court ruled further that such an agreement could be enforced in Louisiana because the gambling took place in Las Vegas, where gambling is legal.
The matter proceeded to trial, at the conclusion of which the judge ruled from the bench. Stating he had "no doubt that plaintiff thought he had an agreement," the judge found that plaintiff nonetheless had failed to carry his burden of proof. The judge relied on the testimony of a third party who stated he had overheard the parties' conversation prior to the Las Vegas trip, that the plaintiff had offered to enter the "cow" with defendant, but "defendant did not accept or reject" the offer. The court granted judgment on the reconventional demand without stating reasons.
On appeal plaintiff contends defendant failed to carry his burden of proof on the reconventional demand, citing LSA-C.C. art. 1846, which requires that contracts in excess of $500 be proved by "at least one witness and other corroborating circumstances." Plaintiff contends defendant had only his own testimony to support his claim and that his credibility is diminished because he is a party. Plaintiff also asserts defendant made judicial confessions in his pleadings regarding the agreement to "cow," but was allowed to repudiate these at trial as "misunderstandings" of his attorney.
Defendant, on the other hand, points to plaintiff's admission at trial that he had borrowed $1,300 from defendant in the casino of the Hilton Hotel just prior to their departure from Las Vegas.
Under LSA-C.C. art. 927, the failure to disclose a cause of action may be noticed by the appellate court of its own motion. We find plaintiff's petition failed to state a cause of action because recovery of gambling debts is specifically prohibited by Article 2983 of the Civil Code:

*658 "The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing.
"And as to such games, the judge may reject the demand, when the sum appears to him excessive."
Contrary to the trial judge's ruling on the motion for summary judgment, the fact that the gambling took place in a state in which it is legal does not grant plaintiff a remedy to recover such monies under Louisiana law. Louisiana public policy traditionally has considered gaming contra bonos mores and our state constitution has long directed the legislature to suppress gambling. See La. Const. 1974, Art. 12, Sec. 6; La. Const. 1921, Art. 19, Sec. 8; LSA-R.S. 14:90.
The legislature has authorized the licensing of some forms of gambling, such as horserace parimutuel wagering (LSA-R.S. 4:141 to 4:222) and charitable raffles, bingo and keno (LSA-R.S. 33:4861.1 to 33:4861.16). However, C.C. art. 2983's prohibition of recovery for gambling debts is express and must be applied to debts resulting from all unauthorized forms of gambling. Accordingly, we find the district court's dismissal of the main demand was proper.
We also affirm the judgment awarding the defendant $1,300 on his reconventional demand. The defendant and another witness testified that plaintiff asked to borrow $1,300 from defendant as they were preparing to leave the hotel. They stated plaintiff immediately walked to the blackjack table, where he apparently quickly lost the money.
Plaintiff admitted borrowing the money, but claimed he had been playing dice and had signed a "marker" to the hotel for the amount. He alleged that defendant was standing right behind him (at the dice table, apparently) when he asked for the money.
Courts have sometimes refused to enforce repayment of loans made by a third party to a gambler, where the loan is clearly for the purpose of gambling or repaying a gambling debt and the lender was not an innocent bystander. See, e.g., West v. Loe Pipe Yard, 125 So.2d 469 (La.App. 3 Cir. 1960), writ denied February 15, 1961; Domino v. Labord, 99 So.2d 841 (La.App. 1 Cir.1957), writ denied April 21, 1958. To be a constitutionally prohibited gambling contract, however, there must be a mutual illegal intent to gamble and the intent of one party not communicated to or concurred in by the other will not nullify an agreement. Jordan v. Bache & Co., Inc., 360 So.2d 603 (La.App. 4 Cir.1978).
Here, plaintiff simply asked defendant for the money; defendant was not involved in the transaction for which plaintiff had requested the money (whether it was to repay a "marker" or to wager at blackjack). Although plaintiff cites the absence of formal indicia of a loan such as a note, the friendship then existing between the parties makes such an informal loan very credible. Accordingly, we find no manifest error in the trial judge's ruling on the reconventional demand.
For the foregoing reasons, we affirm the judgment of the district court. Costs of this appeal are assessed against the appellant.
AFFIRMED.