557 So.2d 1142 (1990)
HARRAH'S CLUB, Plaintiff-Appellee,
v.
Gus MIJALIS, Defendant-Appellant.
No. 21277-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1990.
Writ Denied April 27, 1990.
Booth, Lockard, Politz, LeSage & D'Anna, Shreveport by Joe C. LeSage, Jr. and John R. D'Anna, for defendant-appellant.
Lowe, Stein, Hoffman & Allweiss, New Orleans by Michael R. Allweiss and Judith A. Kaufman, for plaintiff-appellee.
Before MARVIN, FRED W. JONES, Jr. and HIGHTOWER, JJ.
MARVIN, Judge.
In this action to make executory a Nevada judgment and thereby enforce a gambling debt against the appellant, who is a *1143 Louisiana resident, the primary issue is whether the judgment should be denied full faith and credit because gambling is illegal and no action would lie in Louisiana. LSA-Const. Art. 12, § 6; CC Art. 2983 vs. U.S. Const. Art. 4, § 1; LRS 13:4241, et seq.
Appellant's collateral issues question whether the Nevada court had personal jurisdiction over the Louisiana debtor and how a judgment debtor may raise defenses under the Louisiana Uniform Enforcement of Foreign Judgments Act, LRS 13:4241 et seq. (LUEFJA).
The primary issue is governed by the U.S. Constitution. The trial court resolved all issues against the appellant Louisiana debtor. We find no error and affirm.

FACTS
In October 1984 appellant wrote three checks on his Shreveport bank and gave them to Harrah's Club in Lake Tahoe for gambling debts. The checks were dishonored in January 1985. About a month later and after demand, the appellant made a partial payment on the debt. Two years later Harrah's filed the action against appellant in Nevada for the balance on the debt.
Harrah's certified and proved to the Nevada court that appellant had been served in four ways authorized and recognized under Nevada law: By personal service in Shreveport, by certified mail, by regular mail, and by publication. No answer or appearance was made by appellant in the Nevada action and a default judgment was rendered and signed in Nevada for the amount of the debt.
After that judgment became definitive in Nevada, Harrah's, proceeding under LUEFJA in the District Court of Caddo Parish, obtained judgment making the Nevada judgment executory in Louisiana. As required by LRS 13:4243 B, the Caddo Clerk of Court gave notice to appellant of Harrah's Louisiana action by certified mail on January 17, 1989. This notice allows the Louisiana debtor 30 days to proceed by "contradictory motion" against the foreign creditor to stay further enforcement of the judgment. See §§ 4243C, and 4244. Harrah's also gave notice to appellant by certified and by ordinary mail about the same time.
On February 7, 1989, appellant answered, denying he was validly served with the Nevada suit and contending that the Nevada court had no personal jurisdiction over him. He also claimed the judgment was not entitled to full faith and credit in Louisiana because CC Art. 2983 prohibits the enforcement of gambling debts. With the answer, appellant reconvened for damages for malicious prosecution, and requested a jury trial.
On March 6, 1989, Harrah's moved to strike the answer and reconventional demand, alleging that proceedings under the LUEFJA are sui generis and are an alternative method of enforcing a foreign judgment under CCP Art. 2541. That article allows enforcement either by ordinary process or by LUEFJA. See discussion infra. Harrah's argued that appellant's response to its action under LUEFJA was not a "contradictory motion" or one of the responses to an action permitted by LUEFJA.
Alternatively, Harrah's filed an exception of res judicata, contending that the full faith and credit clause of the U.S. Constitution requires a state where gambling is illegal to enforce the judgment of another state even though the judgment enforces a gambling debt, citing Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908). Harrah's also filed an exception of no cause of action to appellant's reconventional demand, arguing that appellant had not alleged the essential element of malicious prosecution, that a civil proceeding was terminated in appellant's favor.
On April 4, 1989, the trial court struck appellant's answer and reconventional demand on the authority of § 4244 of LUEFJA, which requires a judgment debtor, seeking to stay execution of the foreign judgment, to proceed by "contradictory motion" against the judgment creditor. This ruling by the court also granted appellant five days to file the appropriate contradictory motion.
*1144 Three days later, appellant, repeating his jurisdictional and public policy allegations, formally moved to vacate the Louisiana judgment making the Nevada judgment executory.

TRIAL COURT RULING
On May 12, 1989, the trial court dismissed appellant's last motion to vacate the judgment of enforcement. Citing Fauntleroy v. Lum, supra, the court found that the Nevada judgment was entitled to full faith and credit, notwithstanding the fact that the action would not lie initially in Louisiana under CC Art. 2983.
The court noted that the parties "more or less stipulated" that appellant was validly served with notice of the suit by several methods of service authorized under Nevada law. The Nevada long-arm statute allows a Nevada court to exercise jurisdiction over a non-resident if the cause of action arises from the non-resident's "transacting any business or negotiating any commercial paper" in Nevada. Because appellant gave or negotiated three checks to Harrah's while in Nevada, the court found that the Nevada court had personal jurisdiction.
The court's earlier ruling striking appellant's answer and dismissing his reconventional demand is also contained in the May 12, 1989 judgment which is here appealed.

FULL FAITH AND CREDIT
Under the full faith and credit clause (Art. 4, § 1) of the U.S. Constitution, a Louisiana court must give the judgment of another state the same conclusive effect between the parties that the judgment would be given in the state where it was obtained, even if the underlying claim would be unenforceable in Louisiana for public policy reasons. Fauntleroy v. Lum, supra; Brown v. Brown, 377 So.2d 438 (La.App. 2d Cir.1979), affirmed, 387 So.2d 565 (La.1980), U.S. cert. denied.
In Fauntleroy the parties entered into a gambling transaction in cotton futures in Mississippi. This transaction was punishable criminally and unenforceable civilly in Mississippi. An arbitration award was rendered against the debtor in Mississippi, without the legality of the transaction being questioned. When the debtor was temporarily in Missouri, the creditor brought an action there to enforce the arbitration award and obtained a Missouri judgment against the debtor over the debtor's contention that the transaction was illegal in Mississippi.
The creditor then sought to make the Missouri judgment executory and enforceable in Mississippi. The Mississippi supreme court refused full faith and credit to the Missouri judgment, reasoning that the transaction sought to be enforced by the judgment occurred in Mississippi, contrary to that state's public policy.
The U.S. Supreme Court reversed, stating:
Whether the award would or would not have been conclusive, and whether the ruling of the Missouri court upon that matter was right or wrong, there can be no question that the judgment was conclusive in Missouri on the validity of the cause of action. ... Of course, a want of jurisdiction over either the person or the subject matter might be shown. But, as the jurisdiction of the Missouri court is not open to dispute, the judgment cannot be impeached in Mississippi even if it went upon a misapprehension of the Mississippi law. 28 S.Ct. at 643; citations omitted.
Harrah's is obviously in a stronger position factually than was the Fauntleroy creditor, because the transaction and the action to enforce it occurred in Nevada, where gambling is legal and where there could not have been a "misapprehension" of Louisiana law. The trial court correctly found Fauntleroy controlling on the full faith and credit issue.
Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653 (1939), citing Fauntleroy, said:
It is the judgment and not the cause of action which gave rise to it for which credit is claimed, and the constitutional mandate requires credit to be given to a money judgment rendered on a civil cause of action in another state, even *1145 though the forum would have been under no duty to entertain the suit on which the judgment was founded. 59 S.Ct. at 562; citations omitted.
Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947), further explained:
The function of the Full Faith and Credit Clause is to resolve controversies where state policies differ. Its need might not be so greatly felt in situations where there was no clash of interests between the States. The argument of convenience in administration [of claims against an insolvent insurer that did business in more than one state] is at best only another illustration of how the enforcement of a judgment of one State in another State may run counter to the latter's policies. But the answer given by Fauntleroy v. Lum, supra, is conclusive. If full faith and credit is not given in that situation, the Clause and the statute [implementing it, 28 USC § 1738, formerly § 687] fail where their need is the greatest. 67 S.Ct. at 457; bracketed material added.
Other states with public policy prohibitions against gambling have given full faith and credit to judgments for gambling debts when the judgments were validly obtained and enforceable elsewhere. See, e.g., Hilton Intern. Co. v. Arace, 35 Conn. Supp. 522, 394 A.2d 739 (1977); Conquistador Hotel Corp. v. Fortino, 99 Wis.2d 16, 298 N.W.2d 236 (App.1980); M & R Investments, Co., Inc. v. Hacker, 511 So.2d 1099 (Fla.App.1987); GNLV Corp. v. Jackson, 736 S.W.2d 893 (Tex.App.1987); and Hargreaves v. Greate Bay Hotel & Casino, 182 Ga.App. 852, 357 S.E.2d 305 (1987).
Of course, a different result may be reached when the initial action to enforce a gambling debt is asserted in a state where gambling is illegal, such as Louisiana. Lauer v. Catalanotto, 522 So.2d 656 (La.App. 5th Cir.1988). There, two Louisiana residents had an alleged agreement to share profits and losses resulting from one party's trip to gamble in Las Vegas. After trial on the merits, the appellate court, on its own motion, found the petition did not state a cause of action "because recovery of gambling debts is specifically prohibited by Article 2983 of the Civil Code." 522 So.2d at 657.
Full faith and credit is not an issue in Lauer-type circumstances. The full faith and credit to which a judgment is constitutionally entitled is the credit which it has in the state from which the judgment is taken, not the credit that under other circumstances and conditions it might have had elsewhere. See Morris v. Jones, supra, 67 S.Ct. at 456.
Harrah's did not institute its action against appellant in Louisiana, but in Nevada, where gambling debts are legally enforceable. Under Fauntleroy and its progeny, the contrary policy in Louisiana against the enforcement of a gambling debt does not defeat Harrah's constitutional right to have the Nevada judgment "credited" and enforced or made executory in Louisiana.

PERSONAL JURISDICTION
An exception to the full faith and credit mandate is recognized when the judgment debtor shows, by clear and positive proof, that the foreign court did not have personal jurisdiction over him under the jurisdictional laws of the foreign state. Fountain v. Fountain, 365 So.2d 1139 (La. App. 3d Cir.1978); Holden v. Holden, 374 So.2d 749 (La.App. 3d Cir.1979).
The Nevada long-arm statute expressly confers jurisdiction over non-residents for causes of action arising from the non-resident's "transacting any business or negotiating any commercial paper" in Nevada. NRS 14.065(2)(a).
Appellant does not dispute the conclusion that he wrote three checks which he gave to Harrah's in Nevada to cover gambling debts he incurred at Harrah's. He does not dispute that the action asserted by Harrah's in Nevada was founded on the checks. His contention is that his giving three checks on one day was engaging only in "one instance of ... isolated activity," which is insufficient "contact" on which to find jurisdiction. He contends that it "would violate the traditional notions of *1146 fair play and substantial justice between the parties" to have required him to have defended the action in Nevada because of this "one instance of conduct." The law does not support this contention.
To satisfy due process, the exercise of jurisdiction over a non-resident must be based on some act, related to the cause of action, by which the non-resident purposely avails himself of the privilege of conducting activities within the forum state. Cobb Industries, Inc. v. Hight, 469 So.2d 1060, 1063 (La.App. 2d Cir.1985), and authorities cited therein.
Appellant purposely availed himself of the privilege of gambling in Nevada. He sought and obtained credit from Harrah's. He used his credit to incur a debt, for which he wrote checks. The Nevada court's exercise of personal jurisdiction over him in an action to enforce the gambling debt incurred in Nevada is statutorily authorized under Nevada law. Appellant was not denied due process. See Hilton Intern. Co. v. Arace, supra.

ANSWER AND RECONVENTIONAL DEMAND
Appellant argues that the trial court's striking of his answer and dismissal of his reconventional demand deprived him of the right to raise defenses to the enforcement of the Nevada judgment. We cannot agree.
CCP Art. 2541 provides in part:
A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of ... any other state... may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
Under LRS 13:4242-13:4244, the judgment creditor may file "an ex parte petition" to make the foreign judgment executory. The judgment debtor is granted 30 days from the time the notice of the filing of the petition is mailed to him to seek a stay of enforcement by proving, "on contradictory motion," that an appeal has been or will be taken, or that a stay of execution has been granted, or that there exists "any ground upon which the execution of a judgment of a court of this state would be stayed." The creditor's right to bring an action to enforce the judgment by ordinary process under CCP Art. 2541 is further recognized as "Optional procedure" in LRS 13:4246.
Appellant was not deprived of the right to assert by contradictory motion, instead of by answer, either that the Nevada judgment had been appealed, or stayed, or that appellant had grounds to stay enforcement in Louisiana.
After the trial court struck appellant's initial pleadings, appellant then moved to vacate or effectively "stay" the trial court's judgment making the Nevada judgment executory and asserted the same public policy and jurisdictional arguments as were made in the pleadings that were struck.
In his reconventional demand claiming damages for malicious prosecution, appellant also asserted that Harrah's "knew or should have known" that the Nevada judgment "is not enforceable" in Louisiana, contending that the filing of the petition to enforce the judgment "amounts to malicious prosecution."
The trial court dismissed the reconventional demand because it is not a responsive pleading contemplated or allowed under LRS 13:4244. We agree, and further note that appellant's reconventional demand was premature in any event, because neither Harrah's Louisiana action nor Nevada action has been resolved in appellant's favor. The Nevada action, now a definitive judgment there, was not resolved in appellant's favor. Harrah's Louisiana action to have that judgment "credited" here is at issue in this appeal. When a party claims that a civil action against him was prosecuted maliciously, he must allege and prove, among other things, that the action has been definitively terminated in his favor. See Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2d Cir.1982); Dubois v. *1147 State through Dept. of Pub. Safety, 466 So.2d 1381 (La.App. 3d Cir.1985).
Appellant's contentions relating to due process, to the jurisdiction of the Nevada court, and to the unenforceability of the Nevada judgment in Louisiana, whether made in his answer or later motion, have been considered and answered. Accordingly, we find no error in the trial court's granting of Harrah's motion to strike the answer and reconventional demand. The judgment making the Nevada judgment executory and enforceable in Louisiana, even though the action would not lie initially in Louisiana, is legally correct.

DECREE
At appellant's cost, the judgment is AFFIRMED.