| TWILLIAMS, J.
ADSA, Inc. (“ADSA”) appeals from a district court’s decision denying its motion to stay the execution of a Texas judgment rendered in favor of North American Charitable Services, Inc. (“North American”). For the following reasons, we affirm.
FACTS
On August 21, 2000, the 133rd Judicial District Court, Harris County, Texas, rendered a judgment in favor of North American against ADSA, a Texas corporation whose principal place of business was in Monroe, pursuant to an “Agreed Motion for Confirmation of and Entry of Judgment on Arbitration Award” in the amount of $168,000.00. The judgment was the result of an arbitration proceeding between these and other parties that terminated on March 3, 2000. The judgment specifies in part:
IT IS THEREFORE ORDERED that North American have final judgment against ADSA and that North American have and recover the sum of $168,000 from ADSA....
[[Image here]]
IT IS FURTHER ORDERED that all writs and processes for the enforcement and collection of this judgment or the costs of the court may issue as necessary. All other relief not expressly granted in this judgment is denied.
On September 19, 2000, North American filed an ex parte petition in the Fourth Judicial District Court, Ouachita Parish, Louisiana, to have the Texas judgment made executory in Louisiana. On that same day, the district court signed a judgment making the Texas judgment executo-ry in Ouachita Parish. The record reflects that the district court clerk mailed notice of judgment to ADSA on September 29, 2000, and a return receipt shows that LAPSA received the notice on October 5, 2000.
On October 30, 2000, North American filed a petition for garnishment in the Fourth Judicial District Court seeking to garnish ADSA’s bank account at Cross Keys Bank in Ouachita Parish. A writ of fieri facias was issued and served upon the bank with the petition for garnishment. The garnishee bank answered interrogatories stating that on November 10, 2000, ADSA had two accounts with a total balance of $9,903.67. On December 12, 2000, North American for an unexplained reason *1228 refiled its petition for garnishment. North American also filed a motion to examine judgment debtor, stating that no amount of its judgment against ADSA had been paid. The court granted the motion to examine judgment debtor. On January 2, 2001, North American filed a motion for judgment against the garnishee bank in the amount of $9,903.67, and the matter was set for a hearing on January 23, 2001.
On January 17, 2001, ADSA filed into the record a notice of the January 2, 2001 commencement of Chapter 11 bankruptcy proceedings by ADSA. The letter accompanying this filing requested that the hearing on the motion for garnishment be removed from the court’s docket due to the bankruptcy of ADSA.
Thereafter, on March 7, 2001, ADSA filed in the district court a “Contradictory Motion to Stay Execution of Foreign Judgment.” ADSA urged that the Texas judgment “may not be recognized and made executory by this court” because the Texas judgment had been completely satisfied, and because it was not a money judgment but was “merely a judgment |Bconfirming the arbitration award.” ADSA further urged that in the arbitration proceedings that led to the Texas judgment, the parties agreed that ADSA could satisfy the judgment with the execution of a promissory note. Attached to this filing was a copy of the parties’ mutual release and settlement agreement, executed on February 11, 2000, which provides, in part:
4.1The parties further agree as follows:
a. ADSA shall pay North American a total of $168,000 inclusive of unpaid compensation, attorneys’ fees, arbitrator’s fees and costs of court pursuant to the terms of a promissory note which it agrees to execute contemporaneous herewith in the form attached hereto as Exhibit A.
[[Image here]]
f. ADSA and Smith agree that North American will file an Application for Confirmation of and Entry of Judgment on Arbitration Award in any state court with jurisdiction in Louisiana or Texas. If a state district court in Texas otherwise has jurisdiction, ADSA consents to the jurisdiction and venue of the state district court of Harris County for the purposes of the Application for Confirmation of and Entry of Judgment on Arbitration Award.
[[Image here]]
7. Applicable Law and Dispute Resolution
7.1 The laws of the State of Texas shall govern the construction and interpretation of this Release without regard to that jurisdiction’s doctrine of the conflict of laws.
7.2 The parties agree that any controversy or claim arising out of or relating to this Mutual Release and Settlement Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.
|4Also included with this pleading as an exhibit was a copy of the promissory note executed by ADSA in favor of North American. The note, in the amount of $168,000.00 and dated February 11, 2000, specified that ADSA would pay North American $3,500.00 per month commencing on March 1, 2000. The note further specified:
4. Default. The term “Default” means: (a) The failure or refusal of Borrower to make any payment hereunder when due *1229 or to comply with any provision herein; ... (c) Borrower becomes insolvent, fails to pay its debts generally as they become due or becomes the subject of any proceeding under any debtor relief law. In the event of a Default, Lender may (i) declare the entire unpaid balance of this note, or any part thereof, immediately due and payable, whereupon it shall be due and payable (provided that, upon the occurrence of a Default under clause (c) above, this note shall automatically become due and payable without notice or other action of any kind); ... (iii) proceed to protect and enforce any other legal or equitable right or remedy of Lender.
[[Image here]]
9. Arbitration. The Lender and Borrower agree that any controversy or claim arising out of or relating to this note, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court (sic) have jurisdiction thereof. The Lender and Borrower agree that the locale for any arbitration hearing or proceeding hereunder will be Houston, Harris County, Texas and that the dispute will be submitted to one arbitrator.
The parties again chose Texas law to control the agreement. ADSA did not raise the defense of automatic stay due to its bankruptcy in its motion to stay the execution of the judgment.
On April 27, 2001, the Louisiana district court held a hearing on ADSA’s motion to stay execution of the judgment. At this hearing, counsel for North American stated that ADSA’s bankruptcy had been dismissed. | ¡After hearing argument, the district court denied ADSA’s motion, finding that North American had successfully made the Texas judgment executory in Louisiana and “no previous action was taken.” From that ruling, ADSA now appeals.
DISCUSSION
ADSA urges on appeal that the trial court erred by denying its motion to stay the execution of the Texas judgment because: (1) the Texas judgment has been satisfied by payment; (2) the Texas judgment [is] merely a judgment confirming an arbitration award; and (3) any dispute arising under the Mutual Release and Settlement Agreement and/or Promissory Note must be resolved through arbitration. ADSA has not challenged the adequacy of notice with regard to North American’s initial petition to render the Texas judgment executory in Louisiana.
North American proceeded under Louisiana’s Enforcement of Foreign Judgments Act, LSA-R.S. 13:4241 et seq.
LSA-R.S. 13:4242 provides:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.
LSA-R.S. 13:4243 provides in part:
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days *1230 after the mailing of the notice of the filing of the foreign judgment.
| fiLSA-R.S. 13:4244 provides in part:
B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.
In Harrah’s Club v. Mijalis, 557 So.2d 1142,(La.App. 2d Cir.), writ denied, 559 So.2d 1387 (La.1990), this court held that pursuant to LSA-R.S. 13:4243-13:4244:
The judgment debtor is granted 30 days from the time the notice of the filing of the petition is mailed to him to seek a stay of enforcement by proving, “on contradictory motion,” that an appeal has been or will be taken, or that a stay of execution has been granted, or that there exists “any ground upon which the execution of a judgment of a court of this state would be stayed.”
557 So.2d at 1146.
After thoroughly reviewing the arbitration agreement and promissory note between North American and ADSA, we conclude that ADSA’s arguments come too late to stay the enforcement of the judgment. Sections 4243 and 4244 allow the judgment debtor 30 days to raise the specified defenses. We recognize that the terms of the agreement and note specify that disputes as to their efficacy are to be resolved by arbitration, but Louisiana law allowed ADSA a 30 day period to raise those defenses in an effort to stay the execution of the judgment in Louisiana. Likewise, we believe that the choice of law provisions in the parties’ agreements are similarly not enforceable in this proceeding due to the debtor’s failure to raise them within the 30 day period. Finally, we find no justification for staying the judgment merely because it was the result of an arbitration 17proceeding. The judgment provides that “all writs and processes for the enforcement and collection of this judgment or the costs of the court may issue as necessary.” In the absence of a timely defense by ADSA, the creditor who followed the procedures in the Enforcement of Foreign Judgments Act is entitled to execute on the judgment.
CONCLUSION
For the above assigned reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to appellant, ADSA, Inc.
AFFIRMED.