MOORE, J.
Flora J. Donatto appeals a judgment of the 26th Judicial District Court, Bossier Parish, that made executory a judgment from the state of Virginia. We reverse and remand.
The plaintiff, Debra C. Holmes-Taylor, filed this suit on September 28, 2018, in the 26th JDC. She alleged that she had obtained a judgment against Ms. Donatto in the Hampton General District Court, Hampton, Va., and that the delay for appeals had expired. She listed Ms. Donatto's current address, in Bossier City, and her own, in Hampton, Va., and attached an affidavit from a Virginia attorney attesting to all the facts alleged. She also alleged *1275 that she was entitled to judgment under the Uniform Enforcement of Foreign Judgments Act ("EFJA"), R.S. 13:4241 et seq. Finally, she attached a copy of the "Warrant in Debt," a kind of docket or ledger sheet from the Hampton General District Court. This showed that Ms. Holmes-Taylor had filed a suit on December 29, 2017, against Ms. Donatto and three other defendants - a home inspector, an exterminating company and a real estate agency - for failure to disclose damage or signs of damage to property in Hampton, prior to the sale, and that a default judgment had been rendered against Ms. Donatto (only) on July 6, 2018, for principal of $ 25,000, interest of $ 92 and court costs of $ 2,700.
The next document in this slim record is a judgment, filed October 5, 2018, making the Virginia judgment executory. A notice of judgment was issued October 10, with service on Ms. Donatto October 12.
Ms. Donatto took the instant devolutive appeal. She raises two assignments of error. The first urges that the court erred in making the judgment executory without any showing that Ms. Donatto received notice of the petition to make judgment executory, as required by La. R.S. 13:4243 B. The record supports this contention.
A foreign judgment may be made executory against a judgment debtor in Louisiana either through an ordinary proceeding, with citation and service to the debtor, La. C.C.P. art. 2541, or through EFJA, which allows notice of the filing of the petition to be given to the debtor by certified mail, La. R.S. 13:4243 B. Cajun Beverage Inc. v. American Nat'l Can Co. , 577 So.2d 172 (La. App. 1 Cir. 1991). The statute says:
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed. (Emphasis added.)
Specifically, the clerk shall send a notice of filing of the petition to the judgment debtor and shall make a note of this mailing; failure to mail this notice shall not affect enforcement "if proof of mailing by the judgment creditor has been filed." On close examination, we are constrained to find no such note of mailing by the clerk of court, or proof of mailing by the judgment creditor, in the instant record. Ms. Holmes-Taylor's petition prayed for the clerk to mail a certified copy to Ms. Donatto and to make a note of this in the record, but the clerk's compliance is simply not shown. There are no court minutes, which might supply the missing note of evidence.
Ms. Holmes-Taylor responds that she complied with every element of the statute, and argues that there is no requirement that the judgment debtor actually receive notice of filing, Morgan Building & Spas Inc. v. Cutrer , 97-0599 (La. App. 1 Cir. 4/8/98), 711 So.2d 777. We agree that she prayed for the clerk to send a notice of filing by certified mail to the judgment debtor, and that the statute does not require actual receipt of this notice by the judgment. However, the statute plainly requires the clerk to send the notice of filing by certified mail, and to make a note of this mailing. The instant record simply does not show compliance with these requirements.
Ms. Holmes-Taylor further argues Ms. Donatto's only remedy is that stated in *1276 La. R.S. 13:4244 : the judgment debtor must file a contradictory motion and prove that either (1) the foreign judgment is being appealed or has been stayed, or (2) any ground exists that would stay the execution of the judgment in Louisiana. Harrah's Club v. Mijalis , 557 So.2d 1142 (La. App. 2 Cir.), writ denied , 559 So.2d 1387 (1990) ; North Amer. Charitable Servs. Inc. v. ADSA Inc. , 35,523 (La. App. 2 Cir. 1/23/02), 805 So.2d 1226. Ms. Donatto did not allege that the Virginia judgment was pending appeal or had been stayed, or that execution in Louisiana would be improper; she merely alleged that the clerk did not comply with mandatory notice before the judgment was made executory. This deficiency deprived her of the opportunity to use R.S. 13:4244. The judgment must be reversed and the case remanded.
We pretermit any consideration of Ms. Donatto's second assignment of error.
For the reasons expressed, the judgment is REVERSED and the case is REMANDED to the district court for further proceedings. All costs are to be paid by Debra Holmes-Taylor.
REVERSED AND REMANDED .