506 So.2d 218 (1987)
Mr. and Mrs. N. ROUFFANCHE
v.
Mrs. James D'SPAIN and D'Spain Industries.
No. 86 CA 715.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
H. Mark Adams, James M. McGrew, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellants.
Thomas G. Buck, Blue, Williams & Buckley, Metairie, for plaintiffs/appellees.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
The only question raised by this appeal is the validity of an ex parte judgment of the Twenty-fourth Judicial District Court of Jefferson Parish, Louisiana, recognizing for enforcement a judgment of the Tribunal De Grande Instance De Paris, France, 8 Chambre, I Section.
On July 15, 1986 Mr. and Mrs. N. Rouffanche, domiciled in Paris, France, filed a petition in the Twenty-fourth Judicial District Court for the Parish of Jefferson in which they alleged that on May 6, 1985, there was rendered in the Tribunal De Grande Instance of Paris, France, a judgment in their favor against Mrs. James D'Spain and D'Spain Enterprises for 412,000 francs plus interest from September 26, 1984 until paid. The petition alleged that Mrs. D'Spain was presently a resident of Kenner, Louisiana, and that D'Spain Enterprises was a domestic partnership authorized to do and doing business in Jefferson Parish, Louisiana.
*219 On July 17, 1986, the Twenty-Fourth Judicial District Court for Jefferson Parish signed a judgment as follows:
"IT IS HEREBY ORDERED that, the premises and documents herein being considered, this judgment be made executory in the State of Louisiana as a judgment of this Court, pursuant to L.S.A.-C. C.P. 2541, L.S.A.-R.S. 13:4242 and the Hague Convention of November 15, 1965."
On August 1, 1986, the petitioners filed an affidavit of the last known address of the judgment debtors. It is clear that at the time defendant was mailed notice of these proceedings, said judgment had already been signed.
A creditor with a foreign judgment can proceed against a debtor in Louisiana by ordinary action with citation and service, LSA-C.C.P. art. 2541,[1] or by an expedited proceeding with notice of filing of the petition by certified mail, LSA-R.S. 13:4241,[2] et. seq. The formalities required of either proceeding were not complied with and the judgment, therefore, is null and void.
For the reasons assigned the judgment of the district court recognizing for enforcement the French judgment is reversed and set aside. The matter is remanded to the trial court for purpose of judicial recognition and enforcement of the French judgment in accordance with Louisiana procedural law. Appellee is to pay all costs of this appeal.
REVERSED, SET ASIDE AND REMANDED.
NOTES
[1] LSA-C.C.P. Art. 2541. Execution of foreign judgments

A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
B. In the latter case, a duly authenticated copy of the judgment or decree must be annexed to the petition.
[2] Enforcement of Foreign Judgments Act.

. . . . .
LSA-R.S. 13:4243. Notice of filing
A. At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.