LeBLANC, Judge.
This appeal is taken from a district court judgment ordering that an out-of-state judgment be made executory in Louisiana. Appellant, Cajun Beverage, Inc., argues the trial court erred in rendering this judgment since it never was given notice of the filing of the petition to make the Texas judgment executory.
In Louisiana, a foreign judgment may be made executory against a judgment debtor in Louisiana either through an ordinary proceeding, with citation and service to the debtor, or through special proceedings provided in the Enforcement of Foreign Judgments Act, which allows notice of the filing of the petition to be given to the debtor by certified mail. La.C.C.P. art. 2541; La.R.S. 13:4241 et seq.; Rouffanche v. D’Spain, 506 So.2d 218 (La.App. 5th Cir.1987). In this case, appellee, Texas Beverage Packers, Inc., filed a petition in *173 the Twenty-Third Judicial District of Louisiana seeking to make executory a Texas judgment against appellant in the amount of $63,262.09, plus interest and court costs. Since the petition made no request for citation or service upon appellant, Texas Beverage apparently intended to proceed under the Enforcement of Foreign Judgments Act. However, the formalities required under this Act, La.R.S. 13:4241 et seq., also were not met. La.R.S. 13:4243 requires that notice be given to the judgment debtor as follows:
A. At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.
The record contains no evidence that appellant was ever mailed notice of the filing of Texas Beverage’s petition, either by the Clerk of Court or by Texas Beverage itself, as required by La.R.S. 13:4243. Thus, the trial court erred in rendering judgment making the Texas judgment executory in the absence of the mandatory notice to appellant. See, Pan Am World Services, Inc. v. Abdell, 522 So.2d 1177 (La.App. 4th Cir.1988); Rouffanche, supra. Accordingly, the judgment appealed from is reversed. All costs of this appeal are to be paid by appellee.
REVERSED.