711 So.2d 777 (1998)
MORGAN BUILDING & SPAS, INC.
v.
Jesse G. CUTRER.
No. 97 CA 0599.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*778 Jude C. Bursavich and Jerry L. Stovall, Jr., Baton Rouge, for Plaintiff-Appellee Morgan Buildings and Spas, Inc.
Howard P. Elliott, Jr., Baton Rouge, for Defendant-Appellant Jesse G. Cutrer.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
This appeal is taken from a district court judgment ordering that an out-of-state judgment be made executory in Louisiana. Appellant argues that the district court erred in making the judgment executory prior to his receipt of notice.

FACTS
Plaintiff, Morgan Building & Spas, Inc. (hereinafter, "Morgan"), sought to enforce in this state a Texas judgment rendered in its favor and against defendant, Jesse G. Cutrer (hereinafter, "Cutrer"). In furtherance thereof, Morgan filed a "Petition To Make Judgment Executory" against Cutrer in East Baton Rouge Parish on October 2, 1996. Cutrer alleges he did not receive notice of this action until October 9, 1996, when he received by ordinary mail a copy of the pleadings sent to him by counsel for Morgan. Aside from this courtesy copy, Cutrer alleges that he never received legal service or notification of the pending action.[1]
Believing that the Texas court lacked personal jurisdiction to render a judgment against him, Cutrer retained counsel who, on October 15, 1996, filed a "Petition For Declaratory Judgment and Injunctive Relief" in an attempt to have the Texas judgment declared unenforceable. On October 21, 1996, the district court denied Cutrer's request for a rule to show cause. In denying the rule, the court inscribed: "Denied. Judgment made executory Oct. 10, 1996. Opposition not filed until Oct. 15, 1996."
Cutrer thereafter sought to file a suspensive appeal; however, the district court denied same and granted instead a devolutive appeal. Subsequently, Cutrer also sought writs from this court which were ultimately denied.[2]

ASSIGNMENTS OF ERROR
In connection with this appeal, Cutrer assigns numerous assignments of error questioning whether the district court erred in making the Texas judgment executory prior to Cutrer's receipt of the notice required under La. R.S. 13:4243(B).

LAW
As this court previously stated in Cajun Beverage, Inc. v. American National Can Co., 577 So.2d 172 (La.App. 1st Cir.1991):
In Louisiana, a foreign judgment may be made executory against a judgment debtor in Louisiana either through an ordinary proceeding, with citation and service to the debtor, or through special proceedings provided in the Enforcement of Foreign Judgments Act, which allows notice of the filing of the petition to be given to the debtor by certified mail. La. C.C.P. art. 2541; La. R.S. 13:4241 et seq.; Rouffanche v. D'Spain, 506 So.2d 218 (La.App. 5th Cir. 1987).
*779 La. R.S. 13:4242 relative to the filing of foreign judgments in Louisiana provides as follows:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.
La. R.S. 13:4242 (Emphasis supplied).
Additionally, La. R.S. 13:4243 requires that the judgment debtor be given notice of the aforementioned filing. At the time Morgan sought to make the judgment executory, the statute provided:[3]
A. At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed. In cases where the petitioner is seeking to enforce the provisions of a protective order as referred to in R.S. 46:2136 or Children's Code Art. 1570, the address of petitioner may remain confidential with the court.
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.
Finally, La. R.S. 13:4244(B) provides:
B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.

ANALYSIS
A review of the record in this matter reveals that in seeking to make its Texas judgment against Cutrer executory in Louisiana, Morgan opted to proceed under the provisions of the Enforcement of Foreign Judgments Act (EFJA), La. R.S. 13:4241, et seq. In accordance with the provisions of La. R.S. 13:4242, Morgan filed, ex parte, its Petition to Make Judgment Executory in East Baton Rouge Parish on October 2, 1996.
Thereafter, on October 10, 1996, the district court judge signed the order making the Texas judgment executory against Cutrer in East Baton Rouge Parish. The record further reflects that on October 11, 1996, Morgan filed an affidavit, accompanied by a copy of a certificate of mailing, attesting to the fact that a copy of the Petition to Make Judgment Executory had been mailed to Cutrer on October 2, 1996.[4] In his brief to this court, Cutrer admits having received this notice on October 9, 1996.
Cutrer immediately retained counsel to represent him. On October 15, 1996, Cutrer's attorney filed a "Petition For Declaratory Judgment and Injunctive Relief" in an attempt to have the Texas judgment declared *780 unenforceable. The district court subsequently denied Cutrer's request for a rule to show cause for the reason that Cutrer's opposition was not filed timely.
As we have noted, the errors assigned by Cutrer on appeal relate to whether the district court erred in making the Texas judgment executory prior to Cutrer's receipt of the notice required under La. R.S. 13:4243(B). La. R.S. 13:4242 provides that an authenticated foreign judgment "may be annexed to and filed with an ex parte petition." Based upon this language, we do not believe that Cutrer was entitled to receive notice prior to the judgment being made executory in Louisiana.
That is not to say, however, that notice is not required. La. R.S. 13:4243(A) provides that "at the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor." See Rouffanche v. D'Spain, 506 So.2d 218, 219 (La.App. 5th Cir.1987). Therefore, it is clear that the foregoing affidavit must be filed along with the petition. Thereafter, a court of this state may, ex parte, recognize a foreign judgment without receipt of notice to the judgment debtor; however, to be enforceable, the judgment debtor must subsequently receive notice pursuant to La. R.S. 13:4243(B).
In Harrah's Club v. Mijalis, 557 So.2d 1142, 1146 (La.App. 2nd Cir.), writ denied, 559 So.2d 1387 (La.1990), the court held that pursuant to La. R.S. 13:4243-13:4244:
The judgment debtor is granted 30 days from the time the notice of the filing of the petition is mailed to him to seek a stay of enforcement by proving, "on contradictory motion," ... that there exists "any ground upon which the execution of a judgment of a court of this state would be stayed."
Based upon the facts presented in the case sub judice, it is the opinion of this court that the district court did not err in making the Texas judgment executory in this state for the record reflects that the requisite affidavit was filed on the same date as the judgment creditor's ex parte petition, and the judgment debtor subsequently received notice pursuant to La. R.S. 13:4243(B). Nevertheless, the judgment debtor was entitled, pursuant to La. R.S. 13:4244(B), to an opportunity to present evidence at a contradictory hearing as to why enforcement of the judgment should be stayed. For this reason, the district court erred in denying Cutrer's motion for a rule to show cause. Accordingly, the district court's judgment denying Cutrer's motion for a rule to show cause is reversed. This matter is hereby remanded to the district court for further proceedings consistent with this opinion. All costs associated with this appeal are to be paid by plaintiff-appellee, Morgan Buildings and Spas, Inc.
REVERSED AND REMANDED.
NOTES
[1] The record reflects that the Clerk of Court for East Baton Rouge Parish issued the notice via certified mail as required under La. R.S. 13:4243(B) on October 15, 1996; however, there is nothing in the record to indicate that Cutrer received same.
[2] Morgan Building and Spas, Inc. v. Jesse G. Cutrer, 96 CW 2647 (La.App. 1st Cir. 12/12/96).
[3] The statute was amended by Acts 1997, No. 1156 § 5, to add a sentence to subsection B providing for confidentiality of the petitioner's address in certain cases.
[4] As we have previously noted, the record further reflects that the Clerk of Court for East Baton Rouge Parish issued the notice via certified mail as required under La. R.S. 13:4243(B) on October 15, 1996.