IsPETTIGREW, J.
Plaintiff, ex parte, made a foreign default judgment executory in this state. Upon learning of the judgment, defendant filed a petition for declaratory and injunc-tive relief claiming that the foreign judgment was null and void for want of personal jurisdiction. The district court denied without a hearing defendant’s rule to show cause. The defendant filed a motion for suspensive appeal urging that the district court erred in making said judgment exec-utory without providing him with prior notice and/or a contradictory hearing. The district court denied the suspensive appeal, but granted defendant a devolutive appeal. This court ruled that while the district court did not err in making the judgment executory, defendant was enti-tied to a contradictory hearing before the judgment could be enforced. We remanded for a hearing.
During the pendency of said appeal, the plaintiff filed a contempt motion against defendant in the district court asserting that defendant was in violation of the now executory judgment. Defendant responded by moving to have the judgment declared a nullity. Following a hearing, the district court granted plaintiffs motion for contempt and awarded damages, but denied defendant’s motion for a nullity. Defendant appeals once again. We reverse and once again remand for a contradictory hearing.
FACTS
This appeal arises out of the same facts as this court’s previous opinion in Morgan Building & Spas, Inc. v. Jesse G. Cutrer, 97-0599 (La.App. 1 Cir. 4/8/98), 711 So.2d 777. The underlying facts are as follows. Plaintiff, Morgan Building & Spas, Inc. (“Morgan”), is a Nevada corporation engaged in the manufacture and sale of portable and modular buildings, in addition to the sale of hot tubs, saunas, gazebos, greenhouses and recreational vehicles. Morgan operates two retail stores in Louisiana, one in Baton Rouge, the other in Metairie.
On January 4, 1996, Morgan terminated the employment of defendant, Jesse G. Cutrer (“Mr. Cutrer”) from its Baton Rouge sales location. At that point, Mr. Cutrer secured employment with Quality Building Systems, Inc. (“Quality”). pLike Morgan, Quality manufactures and sells portable and modular buildings; however, we should note that Quality is not Morgan’s only competitor in the Baton Rouge area.
Six months later, on June 6, 1996, Morgan obtained a default judgment against Mr. Cutrer, who is apparently a Louisiana domiciliary, in federal district court in Texas.[1] Defendant contends he was never *992 served with notice of said federal proceeding and contests its validity based upon a lack of in personam jurisdiction.
The Texas judgment was allegedly based on a non-competition agreement that Mr. Cutrer purportedly executed while working for Morgan in Baton Rouge. The terms of the agreement evidently precluded Mr. Cutrer from working for a local competitor of Morgan for a period of two years after leaving Morgan’s employ.[2] Accordingly, the Texas default judgment enjoined Mr. Cutrer from working for a competitor of Morgan’s in the Baton Rouge area until January 4, 1998. The judgment further cast Mr. Cutrer with $2,022.50 in attorney fees and court costs.
After obtaining the default judgment against Mr. Cutrer in Texas, Morgan retained local counsel for purposes of making said judgment enforceable against Mr. Cutrer in East Baton Rouge Parish. In this court’s previous opinion in Morgan Building & Spas, Inc., the following facts were established:
In furtherance thereof, Morgan filed a “Petition To Make Judgment Executo-ry” against [Mr.] Cutrer in East Baton Rouge Parish on October 2, 1996.[Mr.] Cutrer alleges he did not receive notice of this action until October 9, 1996, when he received by ordinary mail a copy of the pleadings sent to him by counsel for Morgan. Aside from this courtesy copy, [Mr.] Cutrer alleges that he never received legal service or notification of the pending action.
Believing that the Texas court lacked personal jurisdiction to render a judgment against him, [Mr.] Cutrer retained counsel who, on October 15, 1996, filed a “Petition For Declaratory Judgment and 1 ¿Injunctive Relief’ in an attempt to have the Texas judgment declared unenforceable. On October 21, 1996, the district court denied [Mr.] Cutrer’s request for a rule to show cause. In denying the rule, the court inscribed: “Denied. Judgment made executory Oct. 10, 1996. Opposition not filed until Oct. 15, 1996.”
[Mr.] Cutrer thereafter sought to file a suspensive appeal; however, the district court denied same and granted instead a devolutive appeal. 'Subsequently, [Mr.] Cutrer also sought writs from this court [together with a request that the district court stay its proceedings] which were ultimately denied. [Morgan Building and Spas, Inc. v. Jesse G. Cutrer, 96 CW 2647 (La.App. 1st Cir.12/12/96) ].
Morgan Building & Spas, Inc., 97-0599 at 2, 711 So.2d at 778 (footnotes omitted).
The issue addressed by this court in connection with Mr. Cutrer’s previous appeal, was “whether the district court erred in making the Texas judgment executory prior to [Mr.] Cutrer’s receipt of the notice required under La. R.S. 13:4243(B).” Id. In its previous opinion in Morgan Building & Spas, Inc., this court ultimately held:
As we have noted, the errors assigned by [Mr.] Cutrer on appeal relate to whether the district court erred in making the Texas judgment executory prior to [Mr.] Cutrer’s receipt of the notice required under La. R.S. 13:4243(B). La. R.S. 13:4242 provides that an authenticated foreign judgment “may be annexed to and filed with an ex parte petition.” Based upon this language, we do not believe that [Mr.] Cutrer was entitled to receive notice prior to the judgment being made executory in Louisiana.
That is not to say, however, that notice is not required. La. R.S. 13:4243(A) provides that “at the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.” See *993 Rouffanche v. D’Spain, 506 So.2d 218, 219 (La.App. 5th Cir.1987). Therefore, it is clear that the foregoing affidavit must be filed along with the petition. Thereafter, a court of this state may, ex parte, recognize a foreign judgment without receipt of notice to the judgment debtor; however, to be enforceable, the judgment debtor must subsequently receive notice pursuant to La. R.S. 13:4243(B).
[[Image here]]
| fjBased upon the facts presented in the case sub judice, it is the opinion of this court that the district court did not err in making the Texas judgment exec-utory in this state for the record reflects that the requisite affidavit was filed on the same date as the judgment creditor’s ex parte petition, and the judgment debtor subsequently received notice pursuant to La. R.S. 13:4243(B). Nevertheless, the judgment debtor was entitled, pursuant to La. R.S. 13:4244(B), to an opportunity to present evidence at a contradictory hearing as to why enforcement of the judgment should be stayed. For this reason, the district court erred in denying [Mr.] Cutrer’s motion for a rule to show cause. Accordingly, the district court’s judgment denying [Mr.] Cutrer’s motion for a rule to show cause is reversed. This matter is hereby remanded to the district court for further proceedings consistent with this opinion.
Morgan Building & Spas, Inc., 97-0599 at 2, 711 So.2d at 780.
The foregoing opinion by this court was not rendered until April 8, 1998. While awaiting this court’s opinion, and in light of the fact that the district court had previously denied Mr. Cutrer’s request for a suspensive appeal and a stay order, counsel for Morgan filed a contempt motion against Mr. Cutrer in the district court on March 27, 1997. Mr. Cutrer responded by requesting that the district court declare null its October 10, 1996 judgment that made the Texas decree executory in Louisiana. Both motions were set for hearing on May 12, 1997.
ACTION OF THE TRIAL COURT
Following a hearing, the district court denied Mr. Cutrer’s motion to declare null its October 10, 1996 judgment recognizing the Texas decree. The district court did however grant the contempt motion filed by Morgan and specifically prohibited Mr. Cutrer from “working for any company that competes with Morgan Buildings & Spas, Inc. in the City of Baton Rouge, or from taking any other actions in contravention of the [Texas judgment].” The district court also awarded damages to Morgan in the sum of $6,000.00 together with $1,500.00 in attorney fees.[3] From this judgment, Mr. Cutrer takes the instant devolutive appeal.
I ^ASSIGNMENTS OF ERROR
In connection with this appeal, Mr. Cut-rer asserts that the district court erred in the following respects:
1. In denying his motion to declare null under La.Code Civ. P. art.2004, its judgment of October 10, 1996, despite the fact that Mr. Cutrer was not granted contradictory hearing; and
2. In granting damages to Morgan absent a showing that Morgan sustained said damages.
ANALYSIS
The present appeal by Mr. Cutrer stems from the district court’s denial of his motion for nullity and its grant of Morgan’s motion for contempt. At the time of the hearing on said motions, Mr. Cutrer’s earlier devolutive appeal as to the validity of the October 10, 1996 judgment was still pending in this court.

*994
Denial of Motion For Nullity

In filing his motion for nullity, Mr. Cutrer again questions the validity of the October 10, 1996 judgment that was awaiting review on appeal. Specifically, Mr. Cutrer urges that said judgment was obtained through “ill practices” and should be annulled. Pursuant to La.Code Civ. P. art.2088, once an appeal has been granted the trial court is ordinarily divested of jurisdiction over all matters in the case reviewable under the appeal. Nevertheless, La.Code Civ. P. art.2005 provides, in pertinent part, that “[a] judgment may be annulled prior to or pending an appeal therefrom.”
In both his supporting memorandum below, and his appellate brief, Mr. Cutrer cites Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), for the proposition that “ill practice”, as contemplated by La. Code Civ. P. art.2004,
is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
Kem Search, Inc., 434 So.2d at 1070.
JjMr. Cutrer further asserts that the district court’s earlier denial of his request for a contradictory hearing was tantamount to ill practice.
The district court denied without reasons Mr. Cutrer’s motion for nullity. Mr. Cutrer’s subsequent appeal of this ruling is one of the issues now before this court. During the pendency of Mr. Cutrer’s appeal from the denial of his motion for nullity, this court rendered its opinion in Mr. Cutrer’s earlier appeal in Morgan Building & Spas, Inc. v. Jesse G. Cutrer, 97-0599 (La.App. 1 Cir. 4/8/98), 711 So.2d 777. In that opinion, this court upheld the validity of the October 10, 1996 judgment to the extent that it made the Texas decree executory, but remanded the matter for a contradictory hearing pursuant to La. R.S. 13:4244 before the judgment could be enforced pursuant to La. R.S. 13:4243.
Turning back to the issue presently before us, we now consider whether the district court erred in failing to annul the October 10, 1996 judgment on the ground of “ill practice.” In light of our previous opinion in this case, it is the opinion of this court that we are precluded from granting the relief Mr. Cutrer seeks due to additional language in La.Code Civ. P. art.2005 that provides, “[a] judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.” Because Mr. Cutrer previously assigned as error the district court’s failure to hold a contradictory hearing, we believe we are constrained by La.Code Civ. P. art.2005 from granting Mr. Cutrer the relief that he seeks.

Rule For Contempt

As part of his second assignment of error, Mr. Cutrer asserts that the district court erred in granting damages to Morgan absent a showing that Morgan had in fact sustained said damages.
The record reflects that after Mr. Cut-rer took his initial appeal from the district court’s judgment of October 10,1996, Morgan sought to enforce the now executory Texas decree. Said judgment enjoined Mr. Cutrer from working for a local competitor of Morgan until January 4, 1998. Due to Mr. Cutrer’s subsequent | Remployment with Quality, Morgan filed a contempt rule against him. The motion for contempt neither requested, nor mentioned, an award of damages. In a supporting memorandum filed along with its motion for contempt, Morgan requested that it be awarded damages.
Morgan further pointed out that because Mr. Cutrer had taken a devolutive appeal, *995 said appeal did not suspend the effects of the underlying judgment. We note, however, that the Enforcement of Foreign Judgments Act (La. R.S. 13:4241-4248) is a special group of procedural statutes pertaining to the enforcement for foreign judgments. These statutes were passed by the legislature in 1985, subsequent to the enactment of La. Code Civ. P. art. 2088(7).
Louisiana Code of Civil Procedure article 2088(7) provides that a district court retains jurisdiction to execute or give effect to the judgment being appealed when the execution or effect of said judgment is not suspended by the appeal. However, pursuant to R.S. 13:4243(0, “[n]o execution or other process for enforcement of a foreign judgment shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.” Our law is clear that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. LeBreton v. Rabito, 97-2221, p. 7 (La.7/8/98), 714 So.2d 1226, 1229. See also La. Civ. Code art. 13.
In its previous opinion in this matter, this court held that no execution or other process for enforcement for a foreign judgment shall occur until the requirements of said statutes are complied with. Morgan Building & Spas, Inc., supra. When Louisiana R.S. 13:4243 and Louisiana R.S. 13:4244 are read together, said statutes clearly provide a judgment debtor with an opportunity to contest the enforcement of a foreign judgment within thirty days.
Upon learning of the Texas judgment against him, Mr. Cutrer sought to have same declared unenforceable. Mr. Cutrer further prayed for injunctive relief. Mr. Cutrer’s request for a rule to show cause, and later, a suspensive appeal were | adenied. His only recourse was to take a devolutive appeal, which, pursuant to La. Code Civ. P. art.2088(7), did not bar enforcement of the judgment against him.
In accordance with this court’s previous opinion and La. R.S. 13:4244, Mr. Cutrer was entitled to a contradictory hearing. This hearing has never been held. Morgan’s motion for contempt and damages was an attempt to execute or enforce its Texas judgment, and this cannot occur until Mr. Cutrer has had the hearing he requested. To do so would be a violation of due process. Because the district court’s finding of contempt is predicated upon the validity of the Texas decree, said finding is, in our opinion, premature.
Accordingly, we hereby reverse the district court’s contempt finding together with its corresponding award of damages and attorney fees. In accordance with our previous opinion, we further remand this matter back to the district court with instructions that it conduct a contradictory hearing within sixty days so as to allow Mr. Cutrer the opportunity to present any evidence he may have as to why enforcement of the judgment should be stayed.
CONCLUSION
For the reasons set forth above, the district court’s finding of contempt together with its corresponding award of damages and attorney fees against Mr. Cutrer is hereby reversed. This matter is accordingly remanded to the district court with instructions that it conduct a contradictory hearing within 60 days so as to allow Mr. Cutrer the opportunity to present any evidence he may have as to why enforcement of the judgment should be stayed. All costs associated with this matter shall be borne by plaintiff, Morgan Building and Spas, Inc.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs and assigns additional reasons.
GUIDRY, J., concurs and adopts the reasons assigned by FITZSIMMONS, J.

. Morgan Building & Spas, Inc. v. Jesse G. Cutrer, No. 3:96-CV-0891-H (N.D. Tex. June *992 6, 1996).

. The purported non-compelition agreement is not part of the record in this matter.

. It should be noted that in its oral reasons for judgment, the district court stated that its award of damages to Morgan was a “penally" for Cutrer’s contempt. The written judgment provides however that Morgan’s damages were awarded pursuant to La.Code Civ. P. art. 3611, which provides for an award of damages for the violation of an injunction.