WALTER J. ROTHSCHILD, Judge.
[^Defendant, Douglas Schmidt, appeals the trial court’s November 23, 2010 judgment, denying his Motion and Order to Nullify Judgment dated October 6, 2010. For the following reasons, we affirm.

STATEMENT OF THE CASE

On September 21, 2010, Bank of Colorado filed an Ex Parte Petition to Have Foreign Judgment Made Executory. In this motion, Bank of Colorado stated that it is the judgment creditor of Mr. Schmidt by virtue of a judgment rendered on June 24, 2010, by the District Court of Eagle County, Colorado. In its petition, Bank of Colorado asked “to have the Colorado judgment made executory and given full efficacy, the same as a judgment of this Court, for all purposes,” in accordance with the provisions of Louisiana Revised Statutes 13:4241, et seq. In support of its petition, Bank of Colorado submitted a copy of the Colorado | .judgment, a verification document certifying the authenticity of the Colorado judgment, and the affidavit of Troy Meissner, Assistant Vice President of Credit/Special Assets for Bank of Colorado, setting forth the address of Bank of Colorado and the last known address of Mr. Schmidt.
On October 6, 2010, the trial court rendered a judgment recognizing the Colorado judgment “as a judgment of this Court,” in favor of Bank of Colorado and against Douglas Schmidt, in the amount of $118,919.70, together with interest of *619 $24,262 per day from March 24, 2010, until paid, plus collection costs and attorney fees of $2,767.56, as well as additional collection costs and reasonable attorney fees incurred by Bank of Colorado. On October 20, 2010, Mr. Schmidt filed a Motion and Order to Nullify Judgment dated October 6, 2010, asserting that the trial court’s judgment was a nullity, because the copy of the Colorado judgment sought to be made executory was unsigned and undated, and the affidavit of the Deputy Clerk of the District Court of Eagle County certifying the judgment was unsigned. In his motion, Mr. Schmidt further argued that the affidavit of Mr. Meissner does not state that Bank of Colorado timely gave notice of these proceedings to Mr. Schmidt and the Jefferson Parish Clerk of Court did not file proof of mailing of notice to Mr. Schmidt, as required by LSA-R.S. 13:4243(B).
On October 21, 2010, Bank of Colorado filed the affidavit of Lori Graff, in which she indicated that she mailed copies of the Ex Parte Petition to Have Foreign Judgment Made Executory, with exhibits, and a copy of the proposed judgment, to Mr. Schmidt at two addresses by certified mail. Ms. Graff attached a copy of the delivery confirmation indicating that Mr. Schmidt received the letter on October 14, 2010. On November 12, 2010, Bank of Colorado filed an Opposition to Motion and Order to Nullify Judgment dated October 6, 2010.
14This matter came before the trial court for hearing on November 23, 2010.[1] After a hearing, the trial judge denied the Motion to Nullify the Judgment dated October 6, 2010. Mr. Schmidt appeals.

LAW AND DISCUSSION

On appeal, Mr. Schmidt contends that the trial court improperly denied his Motion and Order to Nullify Judgment dated October 6, 2010. First, Mr. Schmidt contends that the trial court improperly relied on an unsigned copy of the Colorado judgment and the unsigned verification of judgment when rendering the October 6, 2010 judgment. Second, he argues that Bank of Colorado did not follow the provisions of the Louisiana Enforcement of Foreign Judgments Act, as set forth in LSA-R.S. 13:4241 et seq., which are required to make the Colorado judgment executory in Louisiana.
LSA-R.S. 13:4242 of the Enforcement of Foreign Judgments Act provides as follows:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.
On September 21, 2010, Bank of Colorado filed its Ex Parte Petition to Have Foreign Judgment Made Executory, and attached a copy of the Colorado judgment sought to be made executory, along with a verification document. The judgment contains an electronic signature box at the top right corner, containing the trial judge’s signature and printed name above the date of the document, June | a24, 2010. Along *620 with the judgment, Bank of Colorado submitted a verification document certifying the authenticity of the judgment. The September 9, 2010 verification document originally filed by Bank of Colorado was signed by the Colorado trial judge, but it was missing a signature from the Deputy Clerk of the District Court of Eagle County of the State of Colorado, Patty Seifers. However, on October 4, 2010, Bank of Colorado filed a new verification, dated September 30, 2010, which contains all of the necessary signatures. Therefore, Mr. Schmidt’s argument that the trial judge relied on unsigned documents when rendering the October 6, 2010 judgment is unpersuasive, because the signed documents were provided to the trial judge before he signed the October 6, 2010 judgment.
To the extent Mr. Schmidt contends that the electronic signature on the Colorado judgment does not constitute a valid signature, we disagree. We find that the judgment, along with the verification document, clearly meet the authentication requirements of LSA-R.S. 13:4242 for making a foreign judgment executory.
Based on our review of the record before us, we find no error in the trial judge’s determination that the Colorado judgment is in proper form, “worthy of full faith and credit in the State of Louisiana,” and in compliance with the requirements for making a foreign judgment executory in Louisiana. Accordingly, Mr. Schmidt’s first argument is without merit.
In his second argument on appeal, Mr. Schmidt contends that he did not receive proper notice of these proceedings, pursuant to LSA-R.S. 13:4243. LSA-R.S. 13:4243 provides the following:
A.At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the | ¿mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.
Mr. Schmidt claims that although the affidavit of Tony Meissner, as a representative of Bank of Colorado, provides verification of Mr. Schmidt’s last known address, the affidavit does not state that Bank of Colorado served Mr. Schmidt with notice of filing, as required by LSA-R.S. 13:4243(B). He argues that Bank of Colorado did not send him a copy of the petition and relevant exhibits until October 13, 2010, and the Clerk of Court for Jefferson Parish did not mail the required notice to Mr. Schmidt until October 20, 2010. Thus, according to Mr. Schmidt, he was not “promptly” notified of the filing of the petition, as required by LSA.-R.S. 13:4243(B). He claims that because he was not provided with proper notice, he *621 was deprived of his right to dispute Bank of Colorado’s petition before the judgment was signed on October 6, 2010.
The Enforcement of Foreign Judgments Act in Louisiana does not require that notice be given to a judgment debtor prior to the trial court making a foreign judgment executory. Rather, LSA-R.S. 13:4242 provides that a petition to make a foreign judgment executory may be filed “ex parte,” along with an authenticated copy of the foreign judgment.
LSA-R.S. 13:4243(B) provides that the Clerk of Court shall send notice to a judgment debtor “[pjromptly” upon the filing of the petition, foreign judgment, and affidavit. LSA-R.S. 13:4243(B) also states that the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the 17clerk. This statute also provides that failure of the clerk to mail notice of filing shall not affect enforcement proceedings if proof of mailing by the judgment creditor is provided. The language of LSA-R.S. 13:4242 and 13:4243(B) reveals that notice is not required to be given to the judgment debtor prior to making a judgment execu-tory. Rather, the notice requirements must be complied -with prior to enforcement of the judgment.
In Morgan Building and Spas, Inc. v. Cutrer, 97-0599 (La.App. 1 Cir. 4/8/98), 711 So.2d 777, 780, the First Circuit addressed this issue and stated that a court of this state may, ex parte, recognize a foreign judgment without receipt of notice to the judgment debtor. However, the Court noted that the judgment debtor must subsequently receive notice, pursuant to LSA-R.S. 13:4243(B), in order for the judgment to be enforceable.
Considering the record before us, along with the applicable law, we find no merit in Mr. Schmidt’s argument that the October 6, 2010 judgment is a nullity because he did not received proper notice under LSA-R.S. 13:4243. Accordingly, for the foregoing reasons, we find no error in the trial court’s denial of Mr. Schmidt’s Motion and Order to Nullify Judgment dated October 6, 2010.
Bank of Colorado filed an answer to appeal, asserting that Mr. Schmidt’s appeal is frivolous and that it is entitled to costs and attorney fees for responding to Mr. Schmidt’s frivolous appeal.
An appeal will be deemed frivolous, such as would justify the imposition of sanctions, if it does not present a substantial legal question or if it is obvious either that it was taken solely for delay or that the appealing party does not sincerely believe in the view of law that he advocates. Dowl v. Redi Care Home Health Association, 09-1300, 09-1301, p. 16 (La.App. 4 Cir. 2/3/10), 31 So.3d 596, 608. However, appeals are generally favored, and courts are often reluctant to award damages for frivolous appeals due to the possible negative effect it may have on the appellate process. Winston v. Flamingo Casino, 99-0209, pp. 12-13 (La.App. 4 Cir. 9/22/99), 746 So.2d 622, 629.
Although we agree with Bank of Colorado that Mr. Schmidt’s appeal does not have merit and his arguments are not persuasive, we cannot say that the appeal is wholly frivolous. Thus, Bank of Colorado’s request for damages for a frivolous appeal is denied.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment, denying Mr. Schmidt’s Motion and Order to Nullify Judgment Dated October 6, 2010. All costs of this appeal are to be paid by appellant, Douglas Schmidt.

AFFIRMED

. The trial judge of Division B, Judge Regan, who signed the October 6, 2010 judgment, recused himself from this case on October 20, 2010. Accordingly, this matter was re-allotted to Division O, and heard by the judge of that division, Judge LaDart.