PETTIGREW, J.
| ¡¡This appeal stems from the denial by a district court in Louisiana of a motion to make two Texas judgments executory in this state. Following the subsequent denial of plaintiffs’ motion for a new trial, plaintiffs have appealed.
PRIOR TEXAS COURT PROCEEDINGS
Nelda Ellis, Donna Dryden, and Wava Cherry (“plaintiffs-appellants”) previously filed suit in Hardin County, Texas, naming Professional Management Providers, Inc., Comtech Consolidation Group, Inc., and William Dickerson, as defendants therein. This suit, number 38,964 on the docket of the 356th Judicial District Court of Hardin County, Texas (“Texas court”), set forth allegations of negligence and fraud resulting from an unfulfilled contract by defendants to purchase plaintiffs-appellants’ healthcare business. The judgment returned by the Texas court against defendant William Dickerson indicated that after filing an answer, Dickerson, despite being duly notified of the court date, failed to appear at trial. A trial on the merits commenced before a jury on June 4, 2001, and concluded with a verdict in favor of plaintiffs-appellants on June 6, 2001.
Thereafter, on June 26, 2001, the Texas court rendered a judgment in accordance with the jury verdict against William Dickerson (“defendant-appellee”) individually in the amount of $668,300.00, together with pre-judgment interest of $153,820.00, and post-judgment interest in the amount of ten (10%) percent per annum on the damages awarded. A second judgment was rendered against Professional Management Providers, Inc., Comtech Consolidation Group, Inc., and William Dickerson in the amount of $668,300.00, together with pre-judgment interest of $153,820.00, plus exemplary damages in the amount of $387,000.00, plus post-judgment interest in the amount of ten (10%) percent per an-num on the damages awarded.
On September 4, 2001, plaintiffs-appellants filed an ex-parte petition in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana (“Louisiana court”), seeking to have their Texas judgments made executory in Louisiana. In accordance with the provisions of La. R.S. 13:4243, certified copies of the judgments from the Texas court together with an affidavit from plaintiffs-appellants’ Texas attorney setting forth the |scorrect names and last known addresses of the judgment creditors and judgment debtors were attached to plaintiffs-appellants’ original petition. In addition, plaintiffs-appellants also set forth a demand for additional costs and reasonable attorney fees from defendants for the filing and enforcement of this action.
ACTION OF THE DISTRICT COURT IN LOUISIANA
The record reflects that the judgments attached to the ex-parte petition filed by plaintiffs-appellants were denied by the Louisiana court on November 7, 2001, based upon the initial showing made. Thereafter, counsel for plaintiffs-appellants requested and was granted a status conference for the purpose of receiving direction from the court as to how to proceed. Counsel for plaintiffs-appellants was allegedly instructed by the court to amend the petition and direct the defendants to appear and show cause as to why the Texas judgments should not be made exec-utory in Louisiana.
On January 3, 2002, plaintiffs-appellants *3 filed a Judgment Nunc Pro Tunc[1] in the Texas court ostensibly to correct certain errors made in the original Texas judgments. The caption of the original Texas judgments incorrectly referred to one of the plaintiffs as Nelda “Harris” rather than Nelda “Ellis” and also the language contained in the body of the judgments incorrectly referred to the multiple plaintiffs singularly as “plaintiff.” These judgments were not appealed in the Texas courts.
In accordance with the instructions of the Louisiana court, plaintiffs-appellants filed, on January 22, 2002, a First Supplemental and Amending Petition and asserted a right to recover costs and reasonable attorney fees as said costs and fees accrue based only upon a specific showing that such fees and costs are supported by law, judgment, contract, or statute. In addition, plaintiffs-appellants re-averred the allegations set forth in their original petition, and resubmitted the exhibits attached thereto.
A Memorandum in Opposition to Petition to Make Foreign Judgment Executory was apparently filed with the Louisiana court on behalf of defendant-appellee Dickerson; 14 however, a copy of said memorandum is not contained within the record. In a short supplemental memorandum filed with the Louisiana court on May 20, 2002, Dickerson’s attorneys attached the cover sheet of a Petition for Bill of Review [2] that was purportedly filed with the Texas court on behalf of defendant-appel-lee Dickerson on May 8, 2002.[3]
On July 2, 2002, plaintiffs-appellants filed a Motion and Order Seeking Leave of Court to Submit Additional Evidence. In their motion, plaintiffs-appellants asserted that at the April 29, 2002 hearing to make judgments executory, they introduced into evidence certified copies of Writs of Attachment executed against defendants by the court in Texas ordering seizures against defendants’ assets within the State of Texas based upon the Texas judgments. Plaintiffs-appellants also asserted that they were granted permission by the court to submit a post-trial memorandum, along with additional evidence from the Texas court record for the purpose of demonstrating to the Louisiana court that defendants had received service prior to the trial in Texas on June 4, 2001, that resulted in the judgments now sought to be made executory in Louisiana.
Attached to the aforementioned motion and order by plaintiffs-appellants were (1) a copy of the original answer filed on behalf of defendants in the Texas court on April 28, 1999, that included an attached verified affidavit executed by defendant-appellee Dickerson; (2) a copy of the Motion to Withdraw filed by defendants’ attorneys in the Texas litigation on January 18, 2000; and (3) a copy of the envelope containing the June 4, 2001 jury trial order that was directed to defendant-appellee Dickerson’s last known address, and subsequently returned undeliverable to the Clerk of the Texas court on May 1, 2001. On September 9, 2002, the Louisiana court issued a judgment granting plaintiffs-appellants’ motion to expand the record. *4 The Louisiana court further granted opposing counsel an opportunity to traverse the newly-submitted evidence.
|sBy virtue of an order signed by the Louisiana court on November 12, 2002, the Texas judgments in favor of plaintiffs-appellants were made executory in Louisiana, and plaintiffs-appellants were empowered to initiate collection procedures within Louisiana. On November 19, 2002, defendant-appellee Dickerson filed a motion seeking a new trial citing fatal jurisdictional problems along with allegations of ill-practices by plaintiffs-appellants that resulted in defendant-appellee Dickerson failing to receive proper notice of the earlier trial in Texas and the judgments now sought to be made executory.[4] Defendant-appellee Dickerson further claimed that the effect of the original Texas judgments that plaintiffs-appellants sought to make executory in Louisiana had been superseded by the subsequently rendered Judgment Nunc Pro Tunc, and that said judgment was the true final judgment in this matter.[5]
Accordingly, the Louisiana court thereafter ordered plaintiffs-appellants to appear and show cause on January 27, 2003, why defendant-appellee Dickerson should not be granted a new trial. Following a hearing, the Louisiana court rendered a decision vacating its earlier order making plaintiffs-appellants’ Texas judgments ex-ecutory. The Louisiana court’s minute entry from that date indicated that it found that the judgment it had previously made executory had been superseded by another judgment that had “modified [the original judgment] in a material instance.” The Louisiana court further found that because the motion to modify had never been served upon defendant-appellee Dickerson, substantial due process issues had been raised.
In response, plaintiffs-appellants on February 10, 2003, filed a request for a status conference and reconsideration of the Louisiana court’s new trial ruling of January 27, 2003. At a status conference held in chambers on March 18, 2003, the Louisiana court ordered the parties to submit their claims to mediation. The record reflects that|fithereafter the parties agreed to attempt to resolve their dispute through mediation held in Louisiana on December 1, 2003. During the course of the court-ordered mediation, defendant-appellee Dickerson unilaterally effected personal service on plaintiffs-appellants Nelda Ellis and Donna Dryden as well as their Texas attorney, Thomas Burbank, all Texas residents, with notices commanding their attendance at depositions scheduled in Baton Rouge for January 6 and 7, 2004. Consequently, mediation proved unsuccessful in resolving the issues in dispute.
Plaintiffs-appellants moved, on December 17, 2003, to re-set their motion previously filed on February 10, 2003, requesting a status conference and reconsideration of the Louisiana court’s new trial ruling of January 27, 2003, that vacated its earlier ruling making the Texas judgments executory in Louisiana. On December 19, 2003, plaintiffs-appellants filed a motion to quash *5 subpoenas, or alternatively, for a protective order barring relitigation of the facts previously established in the Texas litigation. The Louisiana court, on December 23, 2003, declined to quash the subpoenas, and directed that defendant-appellee Dickerson show cause on January 20, 2004, why a protective order should not issue and depositions not be quashed. The Louisiana court also reset plaintiffs-appellants’ request for reconsideration for that same date.
Despite the subpoenas, plaintiffs-appellants, them Texas attorney, and them Louisiana counsel failed to appear at the depositions scheduled for January 6 and 7, 2004. In response, defendant-appellee Dickerson filed a rule for contempt or alternatively, for dismissal on January 6, 2004. The Louisiana court ordered plaintiffs-appellants to similarly appear and show cause on January 20, 2004, why they should not be held in contempt, appear for depositions, or have their case dismissed.
Following a hearing on January 20, 2004, the Louisiana court took these matters under advisement. In a minute entry dated March 9, 2004, the court affirmed its earlier ruling and denied plaintiffs-appellants’ request for reconsideration of its judgment denying plaintiffs-appellants’ request to make their Texas judgments exec-utory. The Louisiana court further held in abeyance the motion for contempt filed by defendant-appellee 17Pickerson. The Louisiana court ultimately signed a judgment to this effect on April 19, 2004. From this judgment, plaintiffs-appellants have appealed.
ISSUES PRESENTED ON APPEAL
In connection with their appeal in this matter, plaintiffs-appellants present the following issues for review and consideration by this court:
1. Whether the trial court erred when it failed to make a foreign judgment executory in Louisiana;
2. Whether the trial court erred when it reviewed procedural due process issues, arguably meritorious in the original Texas action, and later relied upon those issues to deny the motion to make a foreign judgment executory.
STANDARD OF REVIEW
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). The two-part test for appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Stobart, 617 So.2d at 882. This test dictates that a reviewing court must do more than simply review the record for some evidence that supports or controverts the trial court’s finding. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review *6 where conflict exists in the testimony. However, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a [¿reasonable fact finder would not credit the witness’s story, the court, of appeal may find manifest error or clear wrongness even in a finding purportedly based on a credibility determination. Id.
ANALYSIS
The primary issue to be addressed in connection with this appeal is whether the Louisiana court erred when it failed to make a foreign judgment executory in this state.
Louisiana Revised Statute 13:4242, relating to the filing and status accorded judgments rendered outside of Louisiana, provides as follows:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.
La. R.S. 13:4242 (Underscoring supplied).
In addition, La. R.S. 13:4243 addresses the notice to be given of the filing of the petition and foreign judgment, and states:
A.At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.
La. R.S. 13:4243.
The record reflects that plaintiffs-appellants have complied with the requirements imposed upon them by the Louisiana statutes. Defendant-appellee Dickerson contends that because the plaintiffs-appellants, who are domiciled in Texas, were, through the 19efforts of their Baton Rouge, Louisiana, attorney, able to ascertain his correct address in Baton Rouge in September 2001, this is evidence that plaintiffs-appellants were aware of his correct address at the time the Texas judgments were rendered against him in June 2001. It is the opinion of this court that it was the duty of defendant-appellee Dickerson to keep the Texas court, in which actions against him were pending and in which he had previously made a personal appearance, advised of any changes in his mailing address following the withdrawal of his *7 Texas attorney. Defendant-appellee Dickerson obviously failed to do so.
Louisiana Revised Statute 13:4243 C provides a judgment debtor with a thirty (30) day period from the mailing of the notice of the filing of a foreign judgment within which to file a defense to the petition for enforcement of a foreign judgment. The defenses available to a judgment debtor are set forth in La. R.S. 13:4244, which provides as follows:
A. If the judgment debtor proves on contradictory motion that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.
B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of a foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.
La. R.S. 13:4244.
Defendant-appellee Dickerson failed to file with the Louisiana court any type of contradictory motion within the 30-day period set forth in La. R.S. 13:4243 C, or at any point in this proceeding. The Louisiana court, pursuant to its own motion, fixed contradictory motions for hearing after the elapse of the 30-day period. This was clearly legal error. See Morgan Buildings & Spas, Inc. v. Cutrer, 98-1504 (La.App. 1 Cir. 7/29/99), 739 So.2d 990, 993; Morgan Buildings & Spas, Inc. v. Cutrer, 97-0599 (La.App. 1 Cir. 4/8/98), 711 So.2d 777, 780; Harrah’s Club v. Mijalis, 557 So.2d 1142, 1146 (La.App. 2 Cir.), writ denied, 559 So.2d 1387 (La.1990).
|inThe Louisiana court, in vacating its earlier order that had made plaintiffs-appellants’ Texas judgments executory, noted in its minute entry of January 27, 2003, that “it is apparent to this court that the judgment which this court made executory has been superceded by another judgment which had modified it in a material instance. Moreover, the motion to modify was never served upon the defendant, raising substantial due process issues.”
In denying plaintiffs-appellants’ request for reconsideration, the Louisiana court noted in its minute entry of March 9, 2004, that
The court is of the opinion that its original ruling was correct, and therefore, denies the plaintiffs’ motion for reconsideration, the court being of the opinion that the judgment nunc pro tunc did contain a substantial change. Therefore, this change should have been served on the defendant. The' court notes that at all times they were well aware of the defendant’s address. Failure by the Texas court to do so raises substantial due process issues.
With respect to the judgment nunc pro tunc that plaintiffs-appellants filed in the Texas court, the judgment merely corrected the last name of one of the plaintiffs in the caption of the original judgments and further corrected singular references in the body of the original judgment to the multiple plaintiffs. In the opinion of this court, the judgment nunc pro tunc did not reflect a substantial change in the original judgments. The Louisiana court clearly erred in holding otherwise. Further, if defendant-appellee Dickerson failed to receive proper notice of this pleading filed by plaintiffs-appellants in the Texas litigation, responsibility for this failure must rest with defendant-appellee Dickerson rather *8 than plaintiffs-appellants. Defendant-ap-pellee Dickerson previously made an appearance in the Texas litigation, and it remained the duty and responsibility of defendant-appellee Dickerson to keep the Texas court abreast of any change in his address.
In consideration of the compliance with the aforementioned statutory requirements by plaintiffs-appellants, we must conclude that the Louisiana court was clearly wrong in its failure to make said Texas judgments executory in Louisiana, and for its failure to grant plaintiffs-appellants’ request for reconsideration.
In Considering the foregoing holding, we will pretermit discussion of all remaining issues. We note further that the Louisiana court, in its judgment of March 9, 2004, held in abeyance defendant-appellee’s motion for contempt filed against plaintiffs-appellants in the Louisiana court based upon the failure of plaintiffs-appellants to attend a scheduled deposition in Louisiana. In light of our holding above, we hereby dismiss said motion as moot.
CONCLUSION
For the above and foregoing reasons, the judgment of the Louisiana District Court is reversed, and the Texas' judgments previously rendered in favor plaintiffs-appellants, Nelda Ellis, Donna Dryden, and Wava Cherry, are hereby made executory within the State of Louisiana. Additionally, defendant-appellee William Dickerson’s pending motion for contempt is hereby dismissed as moot. All costs associated with this appeal shall be assessed against defendant-appellee, William Dickerson.
REVERSED AND RENDERED.

. Black's Law Dictionary, 5th Edition, p. 964, defines "Nunc pro tunc ” as "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect.”

. Black's Law Dictionary, 5th Edition, p. 151, defines a "Bill of review” as a "[proceeding in equity brought for purpose of reversing or correcting prior judgment of trial court after judgment has become final.”

.There are indications within the record that the Texas court subsequently issued a final ruling denying the defendants’ request for a Bill of Review on September 28, 2004.

. Plaintiffs-appellants allege that defendants filed an answer, received notice of the initial trial date of January 4, 2000, and thereafter on January 18, 2000, defendants' Texas attorney filed a motion to withdraw representation. The Texas court rescheduled the matter for trial on June 4, 2001, and attempted to provide service to defendant-appellee Dickerson at his last known address. Said notice was thereafter returned to the court as undeliverable.

. Defendant-appellee Dickerson further argued that the Judgment Nunc Pro Tunc had been confected without either notice to, or participation by, defendants.