NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1484

DOROTHY DAVIS IN HER CAPACITY AS ADMINISTRATOR OF THE
ESTATE OF JACK D. THOMAS

VERSUS

BONNIE THOMAS, INDIVIDUALLY AND MICHAEL A. THOMAS IN HIS
CAPACITY AS EXECUTOR OF THE ESTATE OF JAMES O. THOMAS

Judgment rendered: OCT 0 6 2020

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 682132, Div. / Sec. D

The Honorable Janice Clark, Judge Presiding

* * * * *

Richard L. Crawford
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Dorothy Davis

Wendell C. Woods
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Bonnie Thomas

Michael A. Thomas
Houston, Texas

Attorney for Defendant/Appellee
Estate of James O. Thomas

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

Welch, J. concurs without reasons

**HOLDRIDGE, J.**

Plaintiff, Dorothy Davis in her capacity as administrator of the estate of Jack D. Thomas, filed a petition to make a judgment of a New Jersey court executory in Louisiana. In response, defendants, Bonnie Thomas, individually, and Michael A. Thomas in his capacity as executor of the estate of James O. Thomas, filed peremptory exceptions raising the objection of no right of action. The trial court sustained the exceptions, and from that judgment plaintiff has filed this appeal. For the following reasons, we find that the trial court erred in its judgment and reverse.

## FACTUAL AND PROCEDURAL HISTORY

On April 22, 2019, plaintiff filed an ex parte petition to make a foreign judgment executory pursuant to La. R.S. 13:4241, et seq. - the Enforcement of Foreign Judgments Act ("the Act"). Plaintiff claimed to be the judgment creditor of defendants by virtue of a judgment of the Superior Court of New Jersey. That judgment, dated December 13, 2018, was rendered in the matter of the estate of Jack D. Thomas, deceased, and purported to award monetary damages stemming from several transfers of certain real property in Louisiana. The December 13, 2018 judgment was later modified by two subsequent orders of the New Jersey court dated January 24, 2019 and February 27, 2019 to allow for an award of additional counsel fees and expenses. In accordance with the provisions of La. R.S. 13:4243, plaintiff attached to her petition certified copies of the judgment and orders of the New Jersey court, together with plaintiff's affidavit setting forth the correct names and addresses of the judgment creditor and judgment debtors. The clerk of court sent a notice of filing via certified mail to both defendants on May 6, 2019. On June 7, 2019, defendants filed separate peremptory exceptions raising

2

the objection of no right of action. Plaintiff filed an opposition to defendants' exceptions on July 30, 2019.

The record reflects that plaintiff's ex parte petition was denied by the Louisiana trial court on July 19, 2019, based upon the showing made. The court, however, also set the exceptions of no right of action for contradictory hearing. Accordingly, the exceptions were heard on August 19, 2019, following which the trial court sustained the exceptions. The court signed a judgment to that effect on September 26, 2019, and the instant appeal filed by plaintiff followed.

## ISSUES PRESENTED

In connection with her appeal in this matter, plaintiff presents the following issues for review:

1. Whether the trial court erred when it failed to make a foreign judgment executory in Louisiana; and

2. Whether the trial court erred when it reviewed exception of no right of action issues and later relied upon those issues to deny the motion to make a foreign judgment executory.

## APPLICABLE LAW

Louisiana Revised Statutes 13:4242, relating to the filing and status accorded judgments rendered outside of Louisiana, provides as follows:

> A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.

In addition, La. R.S. 13:4243 addresses the notice to be given of the filing of the petition and foreign judgment, and states:

> A. At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth

3

the name and last known address of the judgment debtor and the judgment creditor.

B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.

The clear language of this provision stays the execution or other enforcement of the foreign judgment for a thirty-day period commencing from the mailing of the notice of the filing of the foreign judgment. During this thirty-day period, the judgment debtor may proceed by "contradictory motion," seeking to prolong the stay in accordance with La. R.S. 13:4244, which provides as follows:

A. If the judgment debtor proves on contradictory motion that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.

## DISCUSSION

On review, we find initially that the trial court erred in granting defendants' exceptions raising the objection of no right of action. An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P.

4

art. 681; **Robertson v. Sun Life Financial**, 2009-2275 (La. App. 1 Cir. 6/11/10), 40 So.3d 507, 511. The function of an exception urging no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927(A)(6); **Robertson**, 40 So.3d at 511. The focus of the objection of no right of action is whether the particular plaintiff has a right to bring the suit; it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. The question is simply whether the plaintiff has a right to sue the defendant. **JP Morgan Chase Bank, N.A. v. Boohaker**, 2014-0594 (La. App. 1 Cir. 11/20/14), 168 So.3d 421, 426; **Robertson**, 40 So.3d at 511. Whether a plaintiff has a right of action is a question of law and is reviewed *de novo* on appeal. **Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.**, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256. Objections of no right of action cannot be used simply because there may be a valid defense to the proceeding. **Randy Landry Homes, LLC v. Giardina**, 2012-1669 (La. App. 1 Cir. 6/7/13), 118 So.3d 459, 461. The exception does not raise the question of the plaintiff's ability to prevail on the merits or the question of whether the defendant may have a valid defense. **Id.**

In this case, plaintiff, the judgment creditor, obtained a judgment in a New Jersey court against defendants, the judgment debtors. The judgment creditor is attempting to make the New Jersey judgment executory in Louisiana. Clearly, plaintiff, as the judgment creditor, is the only party who has a right of action to bring the instant suit against the judgment debtors seeking to enforce a specific New Jersey judgment in Louisiana. The trial court erred in holding otherwise.

5

Likewise, we find the trial court erred in denying plaintiff's petition to make the foreign judgment executory. In this case, the record reflects that plaintiff complied with the formalities required under the Act to make a judgment of another state executory in Louisiana. La. R.S. 13:4241, et seq. On April 22, 2019, plaintiff filed an ex parte petition in the Louisiana trial court to recognize and make executory the New Jersey judgment. La. R.S. 13:4242. In addition, plaintiff simultaneously filed an authenticated copy of the New Jersey judgment and two subsequent orders modifying the same, along with an affidavit containing the name and last known address of each judgment debtor and the judgment creditor. La. R.S. 13:4243(A). Finally, the clerk sent via certified mail a Notice of Filing Enforcement of Foreign Judgment to the judgment debtors on May 6, 2019. La. R.S. 13:4243(B). At that point, the foreign judgment shall be treated in the same manner as a judgment of a court of this state. La. R.S. 13:4242; See **Ellis v. Professional Management Providers, Inc.,** 2004-1507 (La. App. 1 Cir. 7/27/05), 923 So.2d 1, 7-8, writ denied, 2005-2231 (La. 2/17/06), 924 So.2d 1018. Accordingly, the trial court erred in denying the petition to make the judgment executory "upon the showing made." The plaintiff complied with all of the requirements of the Act and was entitled to have the foreign judgment treated in the same manner and with the same effect as a judgment of a court of this state in accordance with the mandatory provisions of La. R.S. 13:4242.

However, the Act's provisions allow a judgment debtor a thirty-day period from the mailing of notice of the filing of the petition and foreign judgment within which to file a contradictory motion raising one of two defenses: (a)(i) an appeal of the foreign judgment has or will be taken or (ii) a stay of execution has been granted, or (b) there exists "any ground upon which the execution of a judgment of a court of this state would be stayed." See La. R.S. 13:4243(C) and 13:4244; see

6

also **Ellis**, 923 So.2d at 7. The defenses listed in La. R.S. 13:4244 do not involve the validity of the judgment on the merits. Rather, those defenses involve whether the judgment is susceptible of being enforced immediately or whether the enforcement of the judgment should be stayed pending further proceedings. Pursuant to La. R.S. 13:4244(B), the judgment debtor is entitled to an opportunity to present proof at a contradictory hearing as to why the enforcement of the judgment should be stayed. If no such defenses are filed, the foreign judgment is immediately enforceable after the passage of the thirty-day period. See La. R.S. 13:4243(C); **Raj v. Tomasetti**, 2007-2223 (La. App. 1 Cir. 6/6/08), 2008 WL 2332284, at *6 (unpublished).[1]

In this case, defendants failed to file with the Louisiana court any type of contradictory motion within the thirty-day period set forth in La. R.S. 13:4243(C). Rather, the defendants' exceptions were filed and set for hearing by the trial court after the thirty-day period elapsed.[2] This was clearly legal error. See **Ellis**, 923 So.2d at 7. In consideration of plaintiff's compliance with the Act's statutory requirements, we must conclude that the trial court erred in its failure to make the New Jersey judgment and related orders executory in Louisiana.

## CONCLUSION

For the foregoing reasons, the trial court's judgment sustaining defendants' peremptory exceptions raising the objection of no right of action is reversed. The New Jersey judgment and subsequent orders of the New Jersey court previously

---

[1] The Louisiana court cannot inquire into the merits of the foreign judgment. See Official Revision Comments – 1960(a) to La. C.C.P. art. 2541. The provision of La. R.S. 13:4244 only allows the Court to issue a stay of the execution if a timely contradictory motion is filed and the judgment debtor is able to prove one of the grounds under which a stay is permissible.

[2] Under La. C.C.P. art. 852, an exception is a separate pleading from a written motion. However, since the clerk of court mailed the notice of filing via certified mail on May 6, 2019, the defendants had 30 days or until June 5, 2019 to file a contradictory motion or other defense as to why execution of the foreign judgment should not be stayed. The defendants' exceptions filed on June 7, 2019 were not timely in accordance with La. R.S. 13:4243(C).

rendered in favor of plaintiff are hereby made executory within the State of Louisiana. All costs associated with this appeal are assessed against defendants, Bonnie Thomas, individually, and Michael A. Thomas in his capacity as executor of the estate of James O. Thomas.

**REVERSED AND RENDERED.**